```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
```
Nanette Elman,

                      Plaintiff(s),                  **ORDER**
                                                              CV05-3468 (ENV)(WDW)

       -against-

Postmaster General John E. Potter,
                      Defendant(s).
```
-------------------------------------------------------------------X
```
**WALL, Magistrate Judge:**

    Before the court is a motion by the defendants, Document Entry ("DE") [8], to strike the Amended Complaint filed on March 5, 2007 as DE [6]. That motion is granted. At a pretrial conference held on February 20, 2007, the parties stated that they had not completed, indeed had not begun, discovery in this matter and a new schedule was entered. DE [5]. Because the plaintiff's time to file an amended complaint as of right had long expired, she was given until March 5, 2007 to make a motion to file an amended complaint, which the defendants said they would oppose. Without making a motion, the plaintiff simply filed an amended complaint.

    After the deadline for opposing the motion to strike had passed, the plaintiff sought permission to file opposition by April 3. That request was granted and plaintiff's counsel filed a seven page affirmation, after close of business, on April 3. DE [10]. The affirmation violates both the Local Rules and the undersigned's Individual Rules for opposition to letter motions, misstates the law, and fails to advance a meritorious ground for denying the defendants' motion. The motion to strike is granted, and the plaintiff is warned that future submissions that do not adhere to the Federal, Local and Individual Rules will not be accepted.

    The amended complaint is stricken, inasmuch as it violates the undersigned's order of February 20, which required, as do the Federal Rules of Civil Procedure, that a motion be made seeking the court's permission to file an amended complaint. The plaintiff's statement that "the

Federal Rules of Civil Procedure, when read as a whole, provide that 'a party may amend the party's pleading once as a matter of course . . .' before the case is placed on the trial calendar," is a blatant misstatement of Rule 15. *See* Pollack Aff. ¶2. Rule 15 quite clearly provides that a "party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. . .," or, if a responsive pleading has been served, "may amend only by leave of court or by written consent of the adverse party." Fed. R. Civ. P. 15 (a). Here, the defendants filed an answer more than a year ago (DE [2]) and have stated their intention to oppose any amendment.

The motion is granted and the defendants are awarded $200 as the reasonable costs, including attorney's fees, for this motion, which resulted from the plaintiff's failure to comply with the discovery scheduling order of February 20. *See* Fed. R. Civ. P. 37 (b)(2). The Clerk of the Court is directed to remove the Amended Complaint, DE [6], from the docket.

Dated: Central Islip, New York         **SO ORDERED:**
       April 5, 2007

                                                 /s/ William D. Wall
                                                 WILLIAM D. WALL
                                                 United States Magistrate Judge