UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
NANETTE ELMAN,
                       Plaintiff(s),

                -against-

POSTMASTER GENERAL JOHN E. POTTER, et al.,
                      Defendant(s).
------------------------------------------------------------X

**REPORT AND RECOMMENDATION**

CV 05-3468 (ENV)(WDW)

**WILLIAM D. WALL, United States Magistrate Judge:**

For the reasons set forth *infra*, the undersigned recommends that this action be dismissed for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b).

## BACKGROUND

This action was initiated on July 22, 2005 by service of a summons and complaint. The answer was not filed until six months later. The court does not know the reason for the delay in answering. An initial conference was held before the undersigned on March 20, 2006, and the parties' proposed scheduling order adopted. DE[4]. The schedule provided, *inter alia*, that discovery would be completed by January 5, 2007 and that a pretrial conference would be held on February 20, 2007, thus giving the parties nearly ten months to complete discovery and eleven months before the pretrial conference would be held. On February 20, 2007, the pretrial conference was held, but the parties informed the court that no discovery had been done by either party, with no satisfactory explanation for the failure being offered. The court nonetheless allowed an extension of the deadlines, directing that all Rule 26 disclosures must be served no later than March 5, 2007, that any motions to amend the pleadings must be made by March 5, 2007, that all discovery must be completed by May 31, 2007, and that a joint proposed pretrial order must be submitted at the pretrial conference, which was scheduled for June 13, 2007.

DE[5].

On March 5, the deadline for motions to amend the pleadings, the plaintiff filed an amended complaint without first making a motion. DE[6]. On March 16, 2007, the defendants moved, by letter motion, to strike the amended complaint. DE[8]. After her deadline to oppose the motion to strike had already passed, the plaintiff moved for an extension of time in which to oppose the motion . DE[9]. The plaintiff's untimely motion for an extension was granted as unopposed, and she filed papers in opposition the next day, on April 3, 2007. By order dated April 5, 2007, the court granted the motion to strike and awarded sanctions to the defendants pursuant to Rule 37. DE[11]. The motion to strike was granted on its merits, inasmuch as the filing of the amended complaint without a motion violated both the Federal Rules and the court's earlier order, and the court also noted that the opposition papers filed by the plaintiff violated the Local Rules and the undersigned's Individual Rules for the formatting of motions. *Id.*

On May 28, three days prior to the deadline for the completion of discovery, the plaintiff filed a document, described in the docket entry as an "Emergency Motion for Extension of Time to Complete Discovery," but captioned as an "Affirmation of Actual Engagement," by plaintiff's counsel, Ruth Pollack. DE[12]. In the unsigned affirmation, Ms. Pollack asked for permission to complete a trial before Judge Bianco "before engaging in any motion practice or discovery." DE [12] ¶2. Plaintiff's counsel asked for a sixty day extension of the discovery deadline and noted that her client was aware of the request and "has had to coordinate with me financially so that my office could prosecute her case." DE[12] ¶3. The request for an extension was opposed by the defendants, who noted that, as of the date of the request - May 28, 2007, - the plaintiff had more than 14 months to conduct discovery but had conducted no discovery at all and had done

nothing to move the case forward. DE[13]. The defendants further noted that they too had failed to conduct any discovery, relying instead on their intent to make a motion for summary judgment.

Despite the fact that the plaintiff had shown no good cause whatsoever for her failure to conduct discovery in a timely manner, the undersigned allowed her one final opportunity to do so. In an order dated June 6, 2007, the court reviewed the plaintiff's failure to date to prosecute the case by conducting appropriate discovery, and set forth very explicit orders as to new deadlines and warnings about any failures to adhere to those deadlines by either party. DE[14]. An extension of the discovery deadline to August 10, 2007 was granted, on the following conditions:

> **The parties are warned that there will be no extensions beyond August 10, 2007** and that the plaintiff risks a recommendation by the undersigned of dismissal for failure to prosecute if she does not comply with these deadlines. The court also notes that the defendants, if they choose not to pursue their own discovery, as Mr. Lipari suggests, because they plan to make a motion for summary judgment to Judge Vitaliano, risk going to trial without benefit of discovery if that proposed motion is denied.
> In entering this order, the court assumes that the plaintiff will be made personally aware of the new deadlines and is on notice of the necessity of completing discovery in a timely fashion or risking the dismissal with prejudice of her claims. Similarly, the court assumes that defense counsel will inform the defendants of this order, so that all parties are on notice.
> The pretrial conference scheduled for June 13, 2007 is adjourned to August 30, 2007 at 10:00 a.m. The parties must electronically file their joint proposed pretrial order, prepared pursuant to Judge Vitaliano's Individual Rules, no later than August 29, 2007.

Despite the clarity of the order, on August 29, only the defendants filed a proposed pretrial order, with the notation that "Defendants have not received any proposed drafts or any communications from plaintiff regarding plaintiff's proposed portion of this pretrial order."

DE[15]. On August 30, at 10:00 a.m. defense counsel appeared for the pretrial conference, but plaintiff's counsel did not. The court and defense counsel waited for half an hour for Ms. Pollack to appear, but she did not, and the conference went forward without her. Defense counsel, AUSA Lipari, told the court that neither party had conducted any discovery and attempts to elicit the plaintiff's portion of the proposed pretrial order were unsuccessful. *See* Transcript of 8/30/07 Conference ("Tr."). The undersigned concluded the conference by stating that an appropriate order would be entered. Tr. 5:8-9.

At approximately 11:00 a.m. on August 30, Ms. Pollack appeared in the undersigned's courtroom. When told that the conference had been scheduled for 10:00 a.m., as was quite clearly set out in the June 6 Order, she told the court that she "had it down for 11:00 o'clock" and complained that no one had called her. When asked if she had her portion of the joint proposed pretrial order prepared, she said that Mr. Lipari had not sent her his portion, suggesting that she could not do her portion without his. Tr. 7:5-7. She then told the court that the defendants had "never filed a Rule 26 mandatory disclosure in this case," and that she could not do mandatory discovery because she did not know his witnesses or what documentation he had. This was the first time Ms. Pollack had raised the issue of a defense failure to serve initial disclosures, no motion having been made prior to the conference. Mr. Lipari was sent for, and he told the court that although he had not electronically filed his disclosures, there being no requirement that he do so, he had served them on the plaintiff by fax and by mail. The fax, he told the court, did not go through, but he had no reason to believe that the mailed copy did not reach Ms. Pollack, inasmuch as it was not returned to him.

Ms. Pollack announced her intention to file an amended complaint, to obtain a

4

"reasonable enlargement of discovery time to do discovery after I get the Rule 26 disclosure from the United States Postal Service," and to move to strike the answer based on the defendants' purported failure to file a Rule 26 disclosure. Tr. 11:2-14. When the court noted that the plaintiff had waited for more than two years to claim for the first time that she had not received Rule 26 disclosures, Ms. Pollack said that there was nothing in the federal rules that "says that a plaintiff . . . cannot have . . . adequate time . . . to complete discovery or to file amended pleadings." Tr. 14:1-4. Thus, she continued, in the absence of any "legal basis to deny [the plaintiff] the right to file an amended complaint or to move to strike the defense pleadings for failure to serve a Rule 26 disclosure," she was "asking for at least six to nine months to complete discovery once I actually get a copy of this purported Rule 26 disclosure." Tr. 14:5-10.

The court responded that, to the extent Ms. Pollack was making an application for an extension, it was denied and that an order would be issued recommending that the case be dismissed for the plaintiff's failure to comply with the court's orders. After awaiting the preparation of the conference transcript, the court now makes that recommendation, based on the plaintiff's repeated failures in complying with this court's orders, and her failure to prosecute. *See* Fed. R. Civ. P. 41(b).

## DISCUSSION

Rule 41(b) gives the district court power to dismiss a complaint "for failure to comply with a court order, treating noncompliance as a failure to prosecute." *Simmons v. Abruzzo,* 49 F.3d 83, 87 (2d Cir. 1995). It is well settled that a dismissal under Rule 41(b) "operates as an adjudication on the merits and that such a dismissal is with prejudice." *Hoffman v. Wisner Classic Mfg. Co.,* 927 F. Supp. 67, 71 (E.D.N.Y. 1996) (citing *Link v. Wabash R. Co.*, 370 U.S.

5

626, 630-32 (1962)). Here, the plaintiff has failed to conduct any discovery whatsoever in a two year old case, despite numerous orders, repeated extensions of time and explicit warnings that a recommendation of dismissal would be made if her failures continued. The court makes this recommendation in full awareness of the Second Circuit's observation that even "in the case of attorney misconduct such as gross negligence" dismissal can "amount to a windfall to an adversary to be resorted to only when necessary to preserve the integrity of the judicial system, or in similar 'extreme circumstances.'" *Litton Sys. Inc. v. American Tel. & Telegraph Co.,* 700 F.2d 785, 828 (2d Cir. 1983) (quoting *Interconex, Inc. v. Federal Maritime Comm'n,* 572 F.2d 27, 30 (2d Cir. 1978)). The undersigned finds that the circumstances of this case require dismissal to preserve the court's integrity. The plaintiff, through her counsel, has repeatedly ignored the court's orders regarding discovery and has utterly failed to prosecute her case despite repeated opportunities to do so.

This court has considered the *Litton*'s court's comment that "it is difficult to 'visit upon the client the sins of counsel, absent client's knowledge, condonation, compliance, or causation,'" and expressly directed Ms. Pollack to inform her client about the order of June 6 so that there would be no question about the client's knowledge of the status of the case. *See Litton Sys. Inc.,* 700 F.2d at 828 (quoting *Cine Forty-Second Street Theatre Corp. v. Allied Artists Pictures Corp.,* 602 F.2d 1062, 1069 (2d Cir. 1979)); *see also* DE[14] at 3. The undersigned has no reason to believe that Ms. Pollack did not obey that particular aspect of the order, and notes her reference, at the 8/30 conference, to discussions with Ms. Elman about the upcoming conference at the end of May. Tr. 10"22-24. Thus, the court finds that Ms. Elman was personally aware of the persistent failures to move the case forward and to obey the orders of this

6

court regarding deadlines, as well as the undersigned's express warning in the June 6 order that a recommendation of dismissal would flow from another such failure. The undersigned thus recommends that the case be dismissed.

**OBJECTIONS**

A copy of this Report and Recommendation is being sent to counsel for all parties by electronic filing on the date below. Any objections to this Report and Recommendation must be filed with the Clerk of the Court with a courtesy copy to the undersigned within 10 days. Failure to file objections within this period waives the right to appeal the District Court's Order. *See* 28 U.S.C. §636 (b) (1); Fed. R. Civ. P. 72; *Beverly v. Walker,* 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank,* 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
       September 10, 2007                                  s/ William D. Wall
                                                           WILLIAM D. WALL
                                                           United States Magistrate Judge